792 P.2d 350

Dr. Warren TONEY, Plaintiff-petitioner,

v.

COEUR D'ALENE SCHOOL DISTRICT NO. 271; Board of Directors of Coeur D'Alene School District No. 271; and Irma Anderl, Gerald Johnson, Allen Miller, Vern Newby, Tim Olson, Members of said Board, Defendants-respondents.

No. 18353.

Supreme Court of Idaho.

May 31, 1990.

Evans, Craven & Lackie, Coeur d'Alene, for plaintiff-petitioner. Jarold P. Cartwright, argued.

Paine, Hamblen, Coffin, Brooke & Miller, and Dodson & Raeon, Coeur d'Alene, for defendants-respondents. Michael B. Hague of Paine, Hamblen, and Charles M. Dodson of Dodson & Raeon, argued.

Before BAKES, C.J., JOHNSON, BOYLE and McDEVITT, JJ., and WINMILL, J. Pro Tem.

PER CURIAM:

Appellant Warren Toney has appealed from an amended order denying the issuance of an alternative writ of mandate issued by the district court on January 9, 1990.

Appellant Toney, on July 29, 1988, entered into a one-year contract with the Coeur d'Alene School District to become principal of Coeur d'Alene High School. Toney had not been previously employed in the Idaho public school system; nevertheless, the contract between Toney and the school district indicates that it was a "renewable" contract, as the term "non-renewable" had been crossed out.

Near the end of the first school year Toney was given a letter from the superintendent of the school district indicating two areas of concern about his skills as an administrator and principal. He subsequently received another letter from an assistant superintendent citing two areas of commendation. Shortly thereafter, he received an official notice of non-reemployment for a second school year from the clerk of the Board of Trustees.

On July 18, 1989, Toney filed a complaint setting out several causes of action for damages, and one cause of action requesting equitable relief in the form of a writ of mandate compelling the district to reinstate him in his prior position.

On July 31, 1989, plaintiff Toney lodged with the court a memorandum in support of alternative writ of mandate. Attached to the memorandum was a proposed amended complaint which re-incorporated the allegations of the original complaint and made additional allegations for equitable relief, concluding with a prayer "that there issue against the board and the board members an alternative writ of mandate to be served on the defendants ... compelling the board and the board members to reinstate plaintiff in his employment by the district, because of the failure of the board to comply with Idaho law."

Although neither party noticed up a hearing on plaintiff's memorandum and proposed amended complaint, the district court, apparently acting *sua sponte*, on September 5, 1989, issued an Order Denying Issuance of Alternative Writ of Mandate, in which the district court ordered "that the plaintiff's petition as amended, for the issuance of an alternative writ of mandate is hereby denied."

On October 17, 1989, plaintiff Toney filed a notice of appeal to this Court. The notice of appeal, in the form required by I.A.R. 17, asserted that the plaintiff had a right to appeal under I.A.R. 11(a)(1). Apparently, it soon became apparent to the appellant that the order denying the issuance of the alternative writ of mandate was not a final judgment appealable under I.A.R. 11(a)(1). Thereafter, appellant Toney submitted to the district court a second order entitled "Order Denying Issuance of Alternative Writ of Mandate" which had attached thereto an I.R.C.P. 54(b) certificate. That order again "decreed that the plaintiff's petition as amended, for the issuance of an alternative writ of mandate is hereby denied."

The parties thereafter filed their briefs on appeal, and on May 3, 1990, this Court heard oral argument. We conclude that the trial court improvidently issued the I.R.C.P. 54(b) certificate in this matter.

In order for a partial judgment to be certified as final and appealable under Rule 54(b), the order granting partial judgment must finally resolve one or more of the claims between some or all of the parties. If it does not, then it is error for a trial court to certify any interlocutory order as final under I.R.C.P. 54(b). 10 Wright & Miller, Federal Practice & Procedure § 2656 (1983). While the district court's order entered on January 9, 1990, denied plaintiff's petition for the issuance of an alternative writ of mandate, it did not dismiss that portion of the plaintiff's complaint which requested equitable relief, including the issuance of a peremptory writ of mandate for reinstatement.[1]

Accordingly, we conclude that the January 9, 1990, order issued by the trial court did not finally dispose of the equitable claim of the plaintiff, and therefore it is an interlocutory non-appealable order, and the I.R.C.P. 54(b) certificate was improperly issued. *Glacier General Assurance Co. v. Hisaw*, 103 Idaho 605, 651 P.2d 539 (1982).

Furthermore, whether or not the plaintiff is entitled to any equitable relief depends entirely upon the validity and interpretation of the contract entered into between Toney and the school district. That contract is the subject of the damages portion of the plaintiff's complaint which is still pending before the district court. Whether or not the plaintiff Toney would be entitled to any equitable relief will depend upon the outcome of the litigation regarding that contract. Accordingly, since those two issues are so intertwined, it is not efficient for the one issue to be bifurcated from the other and preliminarily appealed to this Court. Accordingly, we further conclude that the I.R.C.P. 54(b) certificate was improvidently granted. *Pichon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1978).

Accordingly, we dismiss this appeal and remand the matter for further proceedings in the trial court.

---

1. At oral argument at least one of the parties asserted that when the case proceeds to trial on the merits, if the plaintiff prevails one of the remedies still available to the district court would be the issuance of a peremptory writ of mandate.