899 P.2d 438

**Father R. Denis CHICOINE, Sister Mary Bernadette Janet Urban, Alvina Urban, and Christ the King Priory, Inc., an Idaho corporation, Plaintiffs-Appellants,**

v.

**Bliss O. BIGNALL, Jr. and Annette R. Bignall, husband and wife, Defendants-Respondents.**

**No. 21320.**

Supreme Court of Idaho,
North Idaho, April 1995 Term.

June 30, 1995.

Rehearing Denied Aug. 16, 1995.

Harold B. Smith, Coeur d'Alene; Kaiser and Douglass, Spokane, WA, for appellants. Russell K. Jones argued.

Evans, Craven & Lackie, Coeur d'Alene, for respondents. Jarold P. Cartwright argued.

TROUT, Justice.

This is an appeal from an order granting a motion to confirm an award in arbitration and denying a motion to vacate the same award.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

The respondent, Bliss O. Bignall, is an attorney who represented the appellants (referred to collectively as Chicoine) in a prior action. Following a trial in that action, a jury awarded damages against Chicoine. Bignall timely filed a motion for judgment notwithstanding the verdict (JNOV) and later filed a motion for new trial. The motion for JNOV was granted. In *O'Neil v. Schuckardt,* 112 Idaho 472, 733 P.2d 693 (1986) (*O'Neil I*), we reversed the order granting the motion for JNOV and remanded the case. On remand, the trial court considered and granted the motion for new trial. On a second appeal, we reversed the trial court's order granting the motion for new trial because the motion was not timely filed. *O'Neil v. Schuckardt,* 116 Idaho 507, 777 P.2d 729 (1989) (*O'Neil II*).

In December of 1989, Chicoine brought the present action against Bignall claiming professional malpractice based on Bignall's late filing of the motion for new trial. Bignall moved for summary judgment on the ground that the action was barred by the applicable statute of limitations. The motion was granted by the district court. On appeal, we ruled that the action was not barred by the statute of limitations. The order granting summary judgment was reversed and the case was remanded for further proceedings. *Chicoine v. Bignall,* 122 Idaho 482, 835 P.2d 1293 (1992).

After the case was remanded, the parties entered into a stipulation, agreeing to submit the matter to binding arbitration pursuant to the Uniform Arbitration Act (I.C. §§ 7–901 to –922). Thus, the arbitrator was faced with the issue of whether Bignall was liable for professional malpractice. Bignall admitted his negligence. Therefore, the arbitrator focused on the issues of proximate cause and damage, concluding that the element of causation was missing. Accordingly, he entered an award granting judgment to Bignall.

Bignall subsequently filed a motion in district court seeking to have the award in arbitration confirmed. Chicoine filed a motion seeking to vacate the same award under I.C. § 7–912(a)(3) on the ground that the arbitrator "exceeded his powers." The district court concluded that the arbitrator did not exceed his powers and entered an order confirming the award.

## II.

### WHETHER THE DISTRICT COURT ERRED IN CONCLUDING THAT THE ARBITRATOR DID NOT "EXCEED HIS POWERS" WITHIN THE MEANING OF I.C. § 7–912(a)(3)

Judicial review of arbitrators' decisions under the Uniform Arbitration Act is extremely limited. Although a reviewing court might believe that some of the arbitrator's rulings are erroneous, the decision is nevertheless binding *unless* one of the grounds for relief set forth in I.C. § 7–912 is present. *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 41–42, 665 P.2d 1046, 1051–52 (1983). The rationale for this practice of limited judicial review is clear: "[a] contrary course would be a substitution of the judgment of the [court] in place of the judges chosen by the parties and would make an award [in arbitration] the commencement, not the end, of litigation." *Hecla Mining Co. v. Bunker Hill Co.,* 101 Idaho 557, 563, 617 P.2d 861, 867 (1980) (quoting *Burchell v. Marsh,* 17 How. 344, 349, 58 U.S. 344, 349, 15 L.Ed. 96, 99 (1854)).

Chicoine seeks to vacate the arbitration award on the ground that the arbitrator "exceeded his powers." I.C. § 7–912(a)(3). We have construed the phrase "exceeded his powers" in § 7–912(a)(3) "to mean that the arbitrator considered an issue not submitted to him by the parties, or exceeded the bounds of the contract between the parties." *Bingham* at 42, 665 P.2d at 1052 (citations omitted). Because the arbitrator in this case considered an issue that was clearly submitted to him and did not exceed any limitations contained in the parties' agreement, we conclude that he did not exceed his powers.

The parties entered into a stipulation, agreeing to submit to arbitration all "issues which arise as a result of the Amended Complaint on file herein." The amended complaint referred to in the stipulation states a claim for professional malpractice. Thus, the "issue" to be decided by the arbitrator was whether Bignall's admitted negligence was the proximate cause of any damage to Chicoine. *See Johnson v. Jones,* 103 Idaho 702, 706, 652 P.2d 650, 654 (1982) (setting forth elements of a claim for legal malpractice). The arbitrator resolved this issue by concluding that Bignall's negligence "was not a proximate cause of any subsequent damage to [Chicoine]." He based this conclusion on his finding that the issue of Chicoine's liability in the O'Neil case could not have been submitted to a new jury even if a new trial was granted since this Court had established that liability as a matter of law in *O'Neil I.* Thus, even had the motion for new trial been timely filed, it would not have affected Chicoine's liability.

On appeal, Chicoine disputes the arbitrator's reading of *O'Neil I,* contending that that decision determined that the district court *could* re-examine Chicoine's liability on remand. Since the parties did not agree to resubmit *O'Neil I* to arbitration, Chicoine argues that the arbitrator considered an "issue" not submitted to him by the parties. We agree that the scope of an arbitrator's authority stems directly from the parties' agreement. However, Chicoine's contention relates not to the scope of the arbitrator's authority, but to the "correctness" of the disposition of an issue that was submitted by the parties for his determination.

Without question, whether Bignall's negligence was a proximate cause of any damage to Chicoine was the issue submitted to arbitration. Under the Uniform Arbitration Act, an arbitrator need not set forth any reason for a decision. *Cady v. Allstate Ins. Co.,* 113 Idaho 667, 671, 747 P.2d 76, 80 (Ct.App.1987). *Cf. Hecla Mining* at 561 n. 1, 617 P.2d at 865 n. 1 (discussing the Federal Arbitration Act). Thus, the arbitrator could have resolved the issue submitted simply by stating that "Bignall's negligence was not the proximate cause of any damage." The fact that he gave an allegedly incorrect reason for his resolution of this issue is not a basis on which to vacate the award. As we have stated, "[a]rbitrators are the *final* judges of law and fact." *Bingham* at 42, 665 P.2d at 1052 (emphasis added). This is true even though Chicoine has labeled a step in the arbitrator's reasoning process an "issue" and insisted that that "issue" was not submitted to arbitration.

We also conclude that the arbitrator did not exceed any limitation contained in the parties' stipulation. Chicoine contends that it is clear from the agreement, which incorporates the amended complaint, that the parties intended to limit the arbitrator's authority, and that they did not intend that he reexamine issues previously determined by this Court. To the contrary, the stipulation is very broad in scope and grants the arbitrator absolute authority to resolve the issues identified in that agreement. Neither the stipulation nor the amended complaint contains any limitation on what the arbitrator could consider in reaching his decision. For these reasons, we hold that the arbitrator did not exceed his powers. The decision of the district court is therefore affirmed.

## III.

## WHETHER BIGNALL IS ENTITLED TO ATTORNEY FEES ON APPEAL

Bignall argues that pursuant to I.A.R. 41 and I.C. § 12–121, he is entitled to attorney fees since this appeal has been pursued frivolously, unreasonably, and without foundation.

In light of our decision in *Bingham,* the law in this area is very clear. Chicoine has presented no cogent argument as to why that law does not apply in this instance. Simply stated, "when the parties bargain for the binding decision of an arbitrator, they necessarily accept the fact that his interpretation of the facts, the law, and the equities of the situation may not be entirely satisfactory." *Bingham* at 41 n. 6, 665 P.2d at 1051 n. 6 (quoting *Hecla Mining* at 562, 617 P.2d at 866). The mere fact that an arbitrator's interpretation of a prior case is unsatisfactory to a party is not, of itself, a valid basis for appeal. Accordingly, we hold that this appeal was pursued frivolously and without foundation and award fees on appeal to Bignall.

## IV.

## CONCLUSION

The district court's order confirming the award in arbitration is affirmed. Costs and fees on appeal are awarded to respondent.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.