21 P.3d 918

**Marc A. BRINKMEYER, Plaintiff–Respondent,**

v.

**Sharon Sue BRINKMEYER, Defendant–Appellant.**

No. 26233.

Supreme Court of Idaho, Boise, December 2000 Term.

April 2, 2001.

598

Glen Walker and Associates, Coeur d'Alene and Anderson, Kane & Tobiason, Boise, for appellant.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent.

SCHROEDER, Justice.

Sharon Sue Brinkmeyer appeals from the district court's order affirming the decision of the magistrate entering a partial divorce decree, a date of valuation of the community assets, and discovery cut-off date.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Marc and Sue Brinkmeyer (Marc or Sue) were married in 1965. They purchased shares in Riley Creek Lumber Company (Riley Creek) in 1981. Since then, they have acquired nearly one hundred percent of Riley Creek stock, all of which is held in Marc's name. On March 6, 1994, the Brinkmeyers signed a marriage settlement agreement.

On October 14, 1997, Marc filed for divorce on the grounds of irreconcilable differences, seeking a division of the community property pursuant to the marriage settlement agreement. Sue counterclaimed, alleging that Marc had engaged in adultery and extreme mental cruelty and that the marriage settlement agreement was invalid. The magistrate bifurcated the trial into two phases. The first phase was to address the validity of the marriage settlement agreement, and the second phase was to litigate the remaining claims of the parties. The Brinkmeyers subsequently stipulated to rescind the marriage settlement agreement and agreed that all assets and liabilities of the parties would be deemed community assets and liabilities.

In September of 1998 Marc filed a motion for a partial divorce decree. The magistrate denied the motion and issued a scheduling order detailing the discovery cut-off dates and setting the trial date for April 19, 1999. On March 4, 1999, Sue filed a motion for continuance, which the court granted on April 14, 1999. On the afternoon of April 14, 1999, following the order granting the continuance, Marc filed a motion to shorten time and a second motion for a partial divorce decree. The magistrate heard arguments on the motion on April 19, 1999, and entered an order on the same day granting the divorce. The magistrate issued a Rule 54(b) certificate of finality and set April 19, 1999, as the date to value the property to be divided. Sue filed a motion for reconsideration which was denied. The district court affirmed the magistrate's decision without a written opinion. Sue appeals to this Court.

## II.

### STANDARD OF REVIEW

When this Court reviews a case appealed from a district court's appellate review of a magistrate's decision, the Court reviews the decision of the magistrate, independently of, but with due regard for, the decision of the district court. *Worthington v. Thomas*, 134 Idaho 433, 4 P.3d 545 (2000), citing *In Re Estate of Kirk*, 127 Idaho 817, 822–23, 907 P.2d 794, 799–800 (1995). Where the magistrate's findings of fact are supported by substantial and competent evidence, even if the evidence is conflicting, the magistrate's decision will not be disturbed on appeal. *Stonecipher v. Stonecipher*, 131 Idaho 731, 734, 963 P.2d 1168, 1171 (1998). However, this Court freely reviews issues of law. *Id.*

■ Each of the issues raised in this appeal involves the magistrate's exercise of discretion. This Court will not disturb a trial court's exercise of discretion absent a clear showing of abuse. *See State v. Gray,* 129 Idaho 784, 791, 932 P.2d 907, 914 (Ct.App. 1997). When reviewing an exercise of discretion on appeal, this Court conducts a multi-tiered inquiry to determine:

> (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer bounds of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Thompson,* 132 Idaho 628, 630, 977 P.2d 890, 893 (1999); *see also State v. Bush,* 131 Idaho 22, 31, 951 P.2d 1249, 1258 (1997), *citing State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The exercise of the trial court's discretion must constitute reversible error affecting the substantial rights of the party before this Court will disturb the trial court's decision.

## III.

### THE ISSUANCE OF THE I.R.C.P. 54(b) CERTIFICATE WAS NOT AN ABUSE OF DISCRETION.

Idaho Rule of Civil Procedure 54(b) states in relevant part:

> [T]he court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment.

■ In order for a partial judgment to be certified as final and appealable under I.R.C.P. 54(b), the order granting partial judgment must finally resolve one or more of the claims between the parties. *Toney v. Coeur d'Alene School Dist. No. 271,* 117 Idaho 785, 786, 792 P.2d 350, 351 (1990). If it does not, it is error for a trial court to certify any interlocutory order as final under I.R.C.P. 54(b). *Id., see also Rife v. Long,* 127 Idaho 841, 845, 908 P.2d 143, 147 (1995). The purpose of Rule 54(b) is to avoid piecemeal appeals. The decision to grant or deny a 54(b) certificate rests in the sound discretion of the trial judge who is best able to evaluate the situation. *Swope v. Swope,* 112 Idaho 974, 978, 739 P.2d 273, 277 (1987).

■ In a divorce case the issuance of a 54(b) certificate has the potential of causing severe accounting problems, which Sue has argued will occur in this case. In *Swope* this Court determined that the magistrate's refusal to issue a Rule 54(b) certificate was not an abuse of discretion, because there was a possibility the parties could reconcile. *Id.* Consequently, postponing the finality of the decree was favorable. *Id.*

In *Ross v. Ross,* 103 Idaho 406, 648 P.2d 1119 (1982), the Court determined that a wife was estopped from denying the finality of an uncertified judgment granting divorce because the wife had accepted the benefits of the divorce and the husband had acted in reliance upon the divorce. In his concurring opinion, Justice Bistline discussed the benefits of issuing a Rule 54(b) certificate in divorce cases stating "[t]here is no justifiable reason why the parties to a marriage gone bad must stay married until every last issue of the divorce action has been finally resolved." *Id.*

The Brinkmeyers have not yet received any benefit from the divorce, nor has either party acted in reliance upon the divorce decree. Both parties clearly desire the divorce to occur, and reconciliation is unlikely. There is no justifiable reason to prolong an unwanted marriage.

The magistrate employed Rule 54(b) to expedite the resolution of the case. The triable issues in this case concern the distribution of the community assets, not the dissolution of the marriage. There was no abuse of discretion in issuing the Rule 54(b) certification deeming the partial divorce decree final and leaving the remaining issues of property distribution to trial at a later date.

## IV.

### INCLUSION OF THE VALUATION DATE INTO THE DIVORCE DECREE WAS NOT AN ABUSE OF DISCRETION.

■ The magistrate determined the valuation date to be the date of the order

granting a partial divorce decree. Since community property only exists as long as the community exists, once the magistrate issued the divorce and certified it as final it necessarily follows that the date of valuation should occur on that date. I.C. § 32–601. This litigation has been heavily contested at every stage since October of 1997. Both parties have attempted to postpone the valuation date until it benefits their interests. The magistrate's order was aimed at reaching finality in this case both by finalizing the divorce and setting the valuation date. Setting the valuation date as of the date of the divorce was appropriate.

## V.

### LINKING THE DIVORCE DECREE TO A PRIOR DISCOVERY CUT-OFF WAS NOT AN ABUSE OF DISCRETION.

 Sue argues that the magistrate erred by cutting off discovery on April 19, 1999. She claims she has been unable to complete discovery as a result of lack of money, her attorney's continual health problems, and Marc's failure to cooperate.[1] However, there is no indication that the magistrate cut Sue off from discovery. The magistrate enforced the discovery deadlines already imposed on the parties and recognized that Sue was not unfairly prejudiced because extensive discovery had already been completed, and the parties should have been prepared to try the case on April 19, 1999. Sue argues this ruling is inconsistent, because only five days previous the magistrate had continued the trial because Sue was unable to prepare for trial on April 19, 1999. However, a review of the transcript of the hearing on the motion to continue indicates the trial was continued primarily because Sue was unable to secure a loan to pay her legal fees. This issue was later addressed at the hearing granting the partial divorce degree where the delay in securing the loan was determined to be due in part to Sue's failure to properly apply for the loan.

Sue also argues the district court erred by cutting off discovery because ending discovery now prevents her from obtaining the value of the assets, since Marc retains total control of the corporation. The magistrate's decision to enforce the existing scheduling order was proper and well within her discretion. It is clear from the transcript that the decision turned on the need for finality in this case, the amount of discovery that had already taken place, and the increasing cost of the litigation. Further, the magistrate's comments during the hearing indicated that she was willing to entertain motions to compel past discovery requests and allow depositions that had been set for the future to still be completed.

Sue further asserts that she is unable to monitor Marc's handling of the assets without discovery. Sue' concern over Marc's total control of certain community property assets and Riley Creek is legitimate. However, as a co-owner of a majority of the corporate stock, Sue is entitled to inspect the records of the corporation outside the discovery process. So too, as a co-owner of the home, Sue is entitled to enter the home to evaluate the community assets without the aid of discovery. Sue's concerns are mitigated by the fiduciary duty imposed on Marc in dealing with community assets. If Marc breaches his duty, Sue will possess a cause of action against Marc for additional recovery.

During the hearing the magistrate addressed Sue's concerns and recognized Sue's need to monitor Marc's business decisions and Riley Creek's assets to prevent Marc from hiding community assets from Sue.

It is clear from the transcript that the magistrate weighed the merits of the case, the interests of the parties, and the unfairness to either side. This case has continued as long as it has because of the Brinkmeyers' failure to cooperate. The magistrate did not abuse her discretion in establishing time limits for discovery and enforcing those limits.

1. Mr. Walker, Sue's attorney, had three heart attacks during the course of the litigation. The magistrate had delayed the case at different times because of Mr. Walker's health. However, there are either two or three other attorneys in Mr. Walker's office working on Sue's case.

## VI.

### THE MAGISTRATE DID NOT ABUSE HER DISCRETION BY HEARING THE MOTION FOR PARTIAL DECREE DISSOLVING MARRIAGE UPON A SHORTENED TIME.

 Sue argues that the magistrate erred by entertaining the motion for a divorce upon a shortened time. However, the motion was heard on the original date of trial. Further, Marc had filed a similar motion at the inception of the case. The issue of a divorce prior to final settlement of property issues was present well before the time of the hearing.

 It is within the magistrate's discretion whether to hear a motion upon shortened time when the magistrate determines good cause exists. *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 981 P.2d 236 (1999) (determining motions for summary judgment may be granted pursuant to I.R.C.P. 56(c) upon a shortened time where good cause is shown). The magistrate perceived this as a discretionary matter and properly evaluated the relevant factors involved in determining good cause existed to grant the motion. The magistrate noted the date of the hearing was the original date of the trial, the motion was not unexpected, and there was no prejudice to Sue in hearing the motion. The magistrate's ruling continuing the trial allows Sue at least four months to prepare for a trial that has been in the works since October of 1997. There was no abuse of discretion in hearing the motion.

## VII.

### NEITHER PARTY IS ENTITLED TO ATTORNEY FEES ON APPEAL

#### A. Sue's Claim For Attorney Fees On Appeal.

 Sue is not the prevailing party on appeal. Any other basis for claiming fees is not supported by authority in the briefing. This Court has stated:

> In order to be awarded attorney fees, a party must actually assert the specific statute or common law rule on which the award is based; the district judge cannot *sua sponte* make the award or grant fees pursuant to a party's general request.

*Bingham v. Montane Resource Associates,* 133 Idaho 420, 987 P.2d 1035 (1999). The Court held "it is incumbent on the moving party to assert the grounds upon which it seeks an award of attorney fees." *Id.* This Court recently upheld this principle in *Clark v. State Dept. of Health & Welfare,* 134 Idaho 527, 5 P.3d 988 (2000).

Sue is not the prevailing party, and she has not cited to a statute or other authority as a basis for her request. Her claim for attorney fees is denied.

#### B. Marc's Claim For Attorney Fees On Appeal.

 Marc requests attorney fees under I.A.R. 41 pursuant to I.C. § 12–121, alleging Sue's appeal is frivolous because her arguments are identical to those she raised to the magistrate and the district court. Attorney fees are awarded on appeal pursuant I.A.R. 41 where this Court determines the facts presented to it were "pursued or defended frivolously, unreasonably or without foundation." I.C § 12–121. While she has not prevailed, Sue has raised arguable issues concerning the issuance of the 54(b) certificate, the granting of the divorce on shortened time, the enforcement of the discovery order and the filing of the valuation date. The appeal was not frivolous or unreasonable.

## VIII.

### CONCLUSION

The decision of the magistrate is affirmed. Marc Brinkmeyer is awarded costs as the prevailing party. Neither party is awarded attorney fees.

TROUT, C.J., WALTERS, KIDWELL, JJ., and SCHINDURLING, Justice Pro Tem, concur.