80 P.3d 1073

**PACIFIC ALASKA SEAFOODS, INC., a Washington Corporation; and Cook Inlet Processing, an Alaska Corporation, Plaintiffs–Respondents–Cross Appellants,**

v.

**VIC HOSKINS TRUCKING, INC., an Idaho Corporation, Defendant–Appellant–Cross Respondent.**

.No. 28682.

Supreme Court of Idaho, Lewiston, October 2003 Term.

Nov. 24, 2003.

Radakovich Law Office, Lewiston, for appellants. Danny J. Radakovich argued.

Evans, Craven & Lackie, P.S., Coeur d'Alene, for respondent. Hugh Evans argued.

TROUT, Chief Justice.

Vic Hoskins Trucking, Inc., (VHT) appeals from an arbitration decision awarding damages to Pacific Alaska Seafoods, Inc., (Pacific) for breach of contract and negligence. Pacific cross-appeals the arbitrator's denial

of attorney fees and both parties request fees on appeal.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

VHT is a trucking company owned by Vic Hoskins (Hoskins) located in Lewiston, Idaho. Pacific is a fresh fish brokerage owned by Carl Jensen (Jensen) located in Seattle, Washington.

Cooks Inlet Processing (Cooks) in Kenai, Alaska, notified Pacific that Cooks had available two loads of fresh fish. Pacific agreed to purchase the two loads of fish for transport and sale in Massachusetts. Cooks informed Pacific that VHT regularly transported fresh fish from Alaska and, even though Pacific had not used VHT as a carrier before, Jensen contacted VHT about hauling the two loads of fish to Massachusetts. On January 23, 1997, Jensen faxed VHT a request that VHT transport two loads of fish in marketable condition, directing the first load to Channel Fish in Boston, and the second load to M.I.S.B. in New Bedford. Instructions for both deliveries contained "Notice on Arrival" names and telephone numbers for the VHT driver to call once he arrived.

When the VHT driver arrived at Cooks in Nikiski, Alaska, on January 24, 1997, Cooks discovered it did not have enough fish for both Pacific and another customer, so Cooks consigned Pacific only one load. The following day, Cooks loaded a VHT truck with the fish consigned to Pacific. There are three different versions of what happened to that load, but according to the arbitrator's decision and award, the load arrived at Seamax, a company at the M.I.S.B. location in New Bedford on January 31, 1997, and "Morais Seafresh," a different company at the M.I.S.B. location, signed the bill of lading. On February 3, 1997, Seamax observed that the load was of poor quality and only retained 8700 pounds; M.I.S.B. sent the remaining 17,956 pounds to a salvage dealer several months later. Pacific received $1.15 per pound for the retained 8700 pounds and $7890.69 for the remaining salvaged fish.

Pacific forwarded this payment immediately to Cooks.

On August 25, 1997, VHT filed suit against Pacific in Second Judicial District Court for failing to pay VHT $8,150 for its shipping charges, together with interest and attorney fees. On June 2, 1998, Pacific and Cooks filed a complaint in the same court, claiming alternatively that 1) VHT breached the delivery contract by failing to deliver the fish in a timely manner and in merchantable quality, or 2) VHT failed to use ordinary care for the protection of the load of fish and therefore acted negligently. Pacific claimed VHT's actions caused the following damages: $21,337.77 for the value of the shipment, $1,192.74 for cold storage fees, loss and damage to Pacific's reputation, and attorney fees and costs. The parties later stipulated to consolidate the actions and the district court designated Pacific and Cooks as plaintiffs and VHT as defendant.

On July 12, 2001, VHT moved to send the case to arbitration and an arbitrator was appointed by the district court. The parties did not enter into a written arbitration agreement, but merely stipulated to arbitration of their respective claims. Pacific and VHT appeared before the arbitrator, while Cooks was apparently dismissed from the proceeding. After hearing from the parties, the arbitrator entered his Findings, Conclusions and Award on March 4, 2002, which awarded Pacific $20,649.40 (the value of the shipment without interest) and denied both parties' claims for attorney fees. On May 16, 2002, the district court granted Pacific's motion for entry of a judgment based upon the arbitrator's decision. The judgment was amended on June 3, 2002, to correct the defendant's name. Both parties requested a transcript of the arbitration proceeding, at which time the parties discovered the tapes did not record the arbitration.

On June 27, 2002, VHT filed an appeal with this Court, claiming the arbitrator 1) exceeded his authority under Idaho Code § 7–912 when he awarded damages to Pacific instead of VHT, and 2) under Idaho Code § 7–913, miscalculated the damage award to Pacific. Pacific cross-appealed, claiming the arbitrator failed to award Pacific attorney

fees as the prevailing party in a commercial transaction pursuant to Idaho Code § 12–120(3), and both parties claim fees on appeal.

## II.

## STANDARD OF REVIEW

Judicial review of arbitrators' decisions under the Idaho Uniform Arbitration Act is limited to an examination of the award to discern if any of the grounds for relief stated in Idaho Code §§ 7–912 and 7–913 exist. *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 41–42, 665 P.2d 1046, 1051–52 (1983). Although a reviewing court might believe that some of the arbitrator's rulings are erroneous, the decision is nevertheless binding unless one of the grounds for relief set forth in I.C. §§ 7–912 or 7–913 are present. *Chicoine v. Bignall,* 127 Idaho 225, 899 P.2d 438 (1995). The rationale for this practice of limited judicial review is clear: "[a] contrary course would be a substitution of the judgment of the [court] in place of the judges chosen by the parties and would make an award [in arbitration] the commencement, not the end, of litigation." *Hecla Mining Co. v. Bunker Hill Co.,* 101 Idaho 557, 563, 617 P.2d 861, 867 (1980) (quoting *Burchell v. Marsh,* 17 How. 344, 349, 58 U.S. 344, 349, 15 L.Ed. 96, 99 (1854)).

## III.

## DISCUSSION

### A. VHT request to vacate or modify the award.

VHT seeks on appeal to raise the issue of whether the arbitration award should be vacated on the grounds that the arbitrator "exceeded his powers." I.C. § 7–912(a)(3). This Court has interpreted the phrase "exceeded his powers" to mean that "the arbitrator considered an issue not submitted to him by the parties, or exceeded the bounds of the contract between the parties." *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 41–42, 665 P.2d 1046, 1051–52 (1983). VHT argues the arbitrator exceeded his authority to render an award because

Pacific's claims are moot in that the statute of limitations ran on any obligation owed by Pacific to Cooks, so there was nothing for Pacific to recover.

■ I.C. § 7-911 requires the district court to "confirm an award, unless within the time limits imposed hereinafter grounds are urged for vacating or modifying or correcting the award." I.C. § 7-912(b) requires a party seeking to vacate an arbitration award to file a motion in the district court within ninety (90) days after delivery of a copy of the award. A party seeking to vacate an award must meet this requirement, and failure to comply with the statutory provisions within the time limit "raises an absolute bar to a motion to vacate." *Bingham*, 105 Idaho at 39, 665 P.2d at 1049; *Driver v. SI Corporation*, 139 Idaho 423, 80 P.3d 1024, 2003 WL 22669688. When there has been no adverse ruling by the district court, the lack of a decision presents nothing for this Court to review on appeal. *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993)(citing *Dunclick, Inc. v. Utah–Idaho Concrete Pipe Co.*, 77 Idaho 499, 502, 295 P.2d 700, 702 (1956)). In reviewing the record from the district court, it appears no timely motion was ever made by VHT requesting relief from the award. As a result, VHT did not preserve this issue for appeal.

■ VHT also claims the arbitrator miscalculated the amount of damages awarded to Pacific. Under I.C. § 7-913(1), a party can request the court to modify an arbitration award within ninety (90) days after it is delivered, if "there was an evident miscalculation of figures." Idaho courts interpret these provisions to mean any party claiming an evident miscalculation of figures must move the district court to modify the award before confirmation. *Schilling v. Allstate Ins. Co.*, 132 Idaho 927, 930, 980 P.2d 1014, 1017 (1999); *Landmark v. Mader Agency, Inc.*, 878 P.2d 773, 775, 126 Idaho 74, 76 (1994). Again, the record is devoid of any motion by VHT to modify the arbitrator's decision within the ninety day statutory period. Therefore, this issue is also not preserved for appeal.

**B. Pacific request for attorney fees.**

■ The arbitrator denied Pacific attorney fees requested as part of the arbitration award. Pacific has filed a cross-appeal challenging the arbitrator's decision, arguing Pacific is entitled to fees under I.C. § 12–120(3) because Pacific is a prevailing party in a commercial transaction. Pacific claims the arbitrator's denial of attorney fees is an "evident miscalculation of figures" or that the denial makes the award "imperfect in a matter of form, not affecting the merits of the controversy" under I.C. § 7–913(a)(1) and (a)(3).

While there is some question about whether there is any authority for an arbitrator to award attorney fees incurred in the conduct of the arbitration (*See, Driver v. SI Corp.*, 2003 Idaho Supreme Court Opinion No. 111; I.C. § 7–910), any issue regarding fees must be raised before the district court. Here, the record reveals Pacific never filed a request in the district court either to modify the arbitration decision or to request fees for the confirmation proceeding. As such, no issue has been preserved for this Court on appeal.

**C. Attorney fees on appeal and cross-appeal.**

Given the fact that neither party preserved their issues for consideration by this Court, we decline to consider an award of attorney fees on appeal for either.

**IV.**

**CONCLUSION**

Both VHT and Pacific failed to preserve their respective issues by filing an appropriate and timely motion before the district court in the confirmation proceeding. The decision of the district judge confirming the arbitrator's award is affirmed. Given the result, each party should bear their own costs on appeal.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK, concur.