94 P.3d 699

**AMERICAN FOREIGN INSURANCE COMPANY, Plaintiffs–Counter-defendant–Respondent,**

v.

**Marvin E. REICHERT, Defendant–Counterclaimant–Appellant,**

and

**Luedean Reichert, Defendant–Appellant.**

**No. 29060.**

Supreme Court of Idaho,
Boise, March 2004 Term.

July 8, 2004.

396

L. Clyel Berry, Chtd., Twin Falls, for appellants. L. Clyel Berry argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent. Mark S. Prusynski argued.

BURDICK, Justice.

This case arises from personal injuries suffered by Marvin Reichert ("Reichert") while acting within his employment as a result of an uninsured motorist. At the time of the accident, Reichert's employer had an uninsured motorist coverage policy issued by American & Foreign Insurance Co. ("American"). The insurance policy contained a provision to offset the amount payable under the policy with any worker compensation benefits paid or payable. Reichert began processing his worker's compensation claim. Years after the accident and before Reichert completed the worker's compensation proceedings, Reichert and American agreed to arbitrate the uninsured motorist claim. After the arbitrator rendered his decision, Reichert refused to pursue the worker's compensation claim further. Because of Reichert's refusal several issues arose including whether the offset provision was void, whether the arbitrator exceeded his authority when he modified the award, whether Reichert was required to complete the worker's compensation hearing before the arbitration award would be confirmed by the district court, and

whether there should be attorney fees ordered. The district court heard the parties' motions, stayed confirmation of the arbitrator's award, and issued a rule 54(b) certificate, by which Reichert appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

An uninsured motorist rear-ended Reichert during the course of his employment and while driving a vehicle insured by his employer. Reichert's employer carried liability insurance, including coverage for uninsured motorist, with American. Reichert received some worker's compensation benefits from his employer's carrier, for his injuries. The insurance policy authorizes an offset from the amount "payable" under the contract for any worker's compensation benefits paid or payable. Prior to Reichert completing the worker's compensation proceedings, Reichert and American agreed and stipulated to arbitrate the uninsured motorist claim. Once the parties arbitrated the claim Reichert refused to pursue the worker's compensation claim any further.

Prior to the arbitration, the arbitrator conducted a preliminary scheduling conference, wherein the parties agreed to the following:

> The arbitrator will disregard any potential Worker's Compensation claim and issues of subrogation. The parties will address the issues of worker compensation claims and possible subrogation subsequent to the arbitration in an Industrial Commission proceeding.

The arbitrator awarded Reichert the sum of $699,234.37 for compensatory damages and pre-award interest accrued to February 17, 2001. Until the award was fully paid, interest would continue to accrue at the rate of $119.41 per diem. The arbitrator reserved jurisdiction to award attorney fees and costs upon receipt of further evidence and written arguments from the parties.

American filed an application to modify the award based on a theory that the award contained a miscalculation in that it required American to pay prejudgment interest on amounts that may be paid by the worker's compensation carrier. The arbitrator

agreed and modified the award authorizing any lawful offsets to be deducted from the compensatory damages prior to calculating the prejudgment interest. The compensatory damages award was confirmed for the sum of $363,210.43.

Reichert then submitted an application to the arbitrator requesting the award be modified or corrected pursuant to I.C. §§ 7–909 and 7–913(a)(1) and (3). Before the arbitrator denied Reichert's application, American filed a complaint for declaratory relief and breach of contract with the district court because Reichert refused to pursue the worker's compensation claim further.

In the district court, Reichert filed an application and motion for modification or correction of award and in the alternative a motion to partially vacate award of arbitrator and for attorney fees. In addition Reichert filed a motion for partial summary judgment and a motion to dismiss the complaint for declaratory relief and breach of contract. American also filed a motion for summary judgment.

The district court would not modify, correct, or vacate the arbitrator's award nor would it confirm the arbitrator's award until the worker's compensation amount had been determined. The court held that in order for Reichert to receive the benefits of the uninsured motorist policy he must first obtain a determination of the amount of worker's compensation. Once the worker's compensation benefits were determined the court would calculate the offset for other benefits received and the prejudgment interest and then confirm the award. The court concluded that the uninsured motorist policy language was not unconscionable or void. Furthermore, the court ruled that American's attempts to alter the arbitrator's decision were not done in bad faith. Finally, the district court reserved the attorney fees and costs issues until the determination of worker's compensation had been resolved.

Reichert filed a motion to alter or to amend judgment, motion for reconsideration, and for certificate of final judgment. The district court issued an opinion denying Reichert's motions, except to the extent of clarifying American's right of offset, and granted a Rule 54(b) certification. Reichert appeals.

## STANDARD OF REVIEW

The standard of review of a trial court's ruling on a motion for summary judgment is the same as that required of the trial court when ruling on the motion. *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 3, 981 P.2d 236, 238 (1999). Summary judgment is proper "if the pleadings, depositions, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Summary judgment is appropriate, despite the possibility of conflicting inferences, when the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact. *Pinehaven Planning Bd. v. Brooks*, 138 Idaho 826, 828, 70 P.3d 664, 666 (2003).

Judicial review of an arbitrator's decisions is limited to an examination of the award to determine whether any of the grounds for relief stated in Idaho Code §§ 7–912 and 7–913 exists. *Pacific Alaska Seafoods, Inc. v. Vic Hoskins Trucking, Inc.*, 139 Idaho 472, 474, 80 P.3d 1073, 1075 (2003); *Landmark v. Mader Agency, Inc.*, 126 Idaho 74, 76, 878 P.2d 773, 775 (1994); *Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 42–43, 665 P.2d 1046, 1052–53 (1983). An arbitrator's rulings as to questions of law and fact are binding unless one of the grounds for relief set forth in I.C. §§ 7–912 or 7–913 is present. *Pacific Alaska Seafoods, Inc.*, 139 Idaho at 474, 80 P.3d at 1075; *Chicoine v. Bignall*, 127 Idaho 225, 227, 899 P.2d 438, 440 (1995); *Bingham County Comm'n*, 105 Idaho at 41–42, 665 P.2d at 1051–52.

## ANALYSIS

I. DID THE DISTRICT COURT ABUSE ITS DISCRETION IN GRANTING THE RULE 54(B) CERTIFICATION?

An order granting partial summary judgment may be certified as a final order pursuant to Rule 54(b), if the order resolves

one or more of the claims between some or all of the parties. *Toney v. Coeur D'Alene Sch. Dist. No. 271*, 117 Idaho 785, 786, 792 P.2d 350, 351 (1990). It is error for a trial court to certify any interlocutory order as final under Rule 54(b) if it does not resolve one or more of the claims. *Brinkmeyer v. Brinkmeyer*, 135 Idaho 596, 599, 21 P.3d 918, 921 (2001); *Rife v. Long*, 127 Idaho 841, 844, 908 P.2d 143, 146 (1995); *Toney*, 117 Idaho at 786, 792 P.2d at 351. An appeal may be pursued according to I.C. § 7–919(a)(3) when a judge enters an order confirming or denying confirmation of an arbitrator's award. In granting a 54(b) certificate the trial judge should determine whether the interests of justice served by an immediate appeal would outweigh the policy against piecemeal appeals. *Bishop v. Capital Financial Services*, 109 Idaho 866, 868, 712 P.2d 567, 569 (1985) *citing Pichon v. L.J. Broekemeier*, 99 Idaho 598, 586 P.2d 1042 (1978). The decision to grant or deny a 54(b) certificate rests in the sound discretion of the trial judge who is best able to evaluate the situation. *Brinkmeyer*, 135 Idaho at 599, 21 P.3d at 921 (2001).

■ The district court did not abuse its discretion when it granted the Rule 54(b) certificate. This appeal is appropriate pursuant to I.C. § 7–919(a)(3) because the district court denied confirmation of the arbitrator's award. Furthermore, the district court resolved the bad faith claim in its entirety and determined the validity of the offset provision. Because the statute specifically authorizes an appeal under this scenario and because one of the claims was resolved in its entirety the district court did not abuse its discretion in issuing the rule 54(b) certificate.

## II. IS AMERICAN'S UNINSURED MOTORIST COVERAGE ENDORSEMENT PARAGRAPH D2(A) ("OFFSET PROVISION") VOID?

■ This Court exercises free review in determining whether an insurance contract is ambiguous. *Clark v. Prudential Property and Cas. Ins. Co.*, 138 Idaho 538, 541, 66 P.3d 242, 245 (2003). When the policy language is unambiguous, coverage must be determined, as a matter of law,

according to the plain meaning of the words used. *Id.* Although a contract may be unambiguous, if it violates public policy, it is illegal and unenforceable. *Martinez v. Idaho Counties Reciprocal Mgmt. Program*, 134 Idaho 247, 252, 999 P.2d 902, 907 (2000). Policies that are approved by the Director of the Department of Insurance are presumed to be in accordance with public policy. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 667–68, 735 P.2d 974, 978 (1987). Absent an assertion to the contrary, this Court assumes the policy was submitted to and approved by the Director. *Id.* at 667, 735 P.2d at 978. However, in our review of the policy if it is determined that the policy only provides an illusion of coverage for its premiums the policy will be considered void for violating public policy. *Vincent v. Safeco Ins. Co. of America*, 136 Idaho 107, 111–12, 29 P.3d 943, 947–48 (2001); *Martinez*, 134 Idaho at 252, 999 P.2d at 907. Public policy interests are served by preventing double recovery from worker's compensation benefits. *See Barnett v. Eagle Helicopters, Inc.*, 123 Idaho 361, 364, 848 P.2d 419, 422 (1993); *Schneider v. Farmers Merchant, Inc.*, 106 Idaho 241, 243–44, 678 P.2d 33, 35–6 (1983).

■ The provision in dispute provides that "Any amount payable under this coverage shall be reduced by all sums paid or payable under any workers' compensation, disability benefits or similar law[.]" (This provision is hereinafter referred to as the "offset provision"). Reichert argues that the offset provision is void because American knew that all claimants would only receive minimal, if any, coverage because all claimants would also receive worker's compensation benefits. In support of his argument Reichert relies on *Martinez v. Idaho Counties Reciprocal Mgmt. Program*, 134 Idaho 247, 999 P.2d 902 (2000).

In our review, we found nothing in the offset provision that is ambiguous and we assume the Director approved this policy and it comports with public policy. The *Martinez* case does not apply to these facts.

In *Martinez*, this Court held that the uninsured motorist coverage issued to the city was illusory. *Martinez*, 134 Idaho at 252, 999 P.2d at 907. The city paid premiums for

something they thought they were receiving, but due to the exclusion provisions the coverage did not exist. *Id.* at 251–52, 999 P.2d at 906–07. The policy was ambiguous as to uninsured motorist coverage. *Id.* at 250, 999 P.2d at 905. The insurance policy drafters could not agree on the policy interpretation. *Id.* at 251, 999 P.2d at 906. The insurance company alleged in their pleadings the city had purchased uninsured motorist coverage. *Id.* However, the clear language of the policy stated uninsured motorist coverage is extended automatically to those states that require it and when the state does not require it, coverage is not extended. *Id.* at 250, 999 P.2d at 905. Because Idaho does not require uninsured motorist coverage, the Court was unable to understand how the City of Rathdrum was covered at the time of the accident under the plain language of the policy. *Id.* at 251, 999 P.2d at 906. The Court then assumed uninsured motorist coverage existed, but determined that the policy provision only extended coverage to employees and then exempted coverage to any employee who could file a worker's compensation claim and therefore coverage was illusory. *Id.* at 252, 999 P.2d at 907.

The *Martinez* case is distinguishable. In the instant case, the policy is unambiguous, unlike the policy in the *Martinez* case. The employees are not exempted from coverage if they could file a worker's compensation claim. Instead of an exemption, the policy drafters limited insurance to allow an offset for worker's compensation benefits. This prevents an injured victim from receiving a double recovery. Lastly, there is a difference in the definitions of "who is an insured" under the policies. Under this policy, not only does it include employees, but also anyone occupying a covered auto.

■ We hold that the offset provision is consistent with the public policy against double recovery for worker's compensation benefits and is valid.

III. DID THE ARBITRATOR LACK JURISDICTION TO MODIFY OR CORRECT THE FEBRUARY 16, 2001 DECISION AND INTERIM AWARD?

American requested the arbitrator to modify or correct the interim award, specifically the prejudgment interest, due to an evident miscalculation of figures, under I.C. § 7–913(a)(1). American argues pursuant to *Schilling v. Allstate Ins. Co.,* 132 Idaho 927, 931, 980 P.2d 1014, 1018 (1999), the failure to calculate prejudgment interest falls under an evident miscalculation of figures, therefore when prejudgment interest should not be calculated, but is, that too must be an evident miscalculation of figures, allowing the arbitrator to correct its decision.

Pursuant to I.C. § 7–909, upon application of a party, an arbitrator may modify or correct an award pursuant to I.C. § 7–913(a)(1) or (3). In order for the arbitrator to have authority to modify or correct the award there must be an evident miscalculation of figures, an evident mistake in the description of any person, thing or property, or the award is imperfect in a matter of form. I.C. § 7–913(a)(1) and (3).

■ Absent an agreement to the contrary, an arbitrator has authority under I.C. § 7–910 to award prejudgment interest. *Schilling,* 132 Idaho at 929, 980 P.2d at 1016; *Wolfe v. Farm Bureau Ins. Co.,* 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996). Prejudgment interest is allowed on money due by an express contract, I.C. § 28–22–104, and should be awarded when it is capable of mathematical computation. *Dillon v. Montgomery,* 138 Idaho 614, 617, 67 P.3d 93, 96 (2003).

■ In the first arbitrator's award dated February 16, 2001, the arbitrator recognized he had the authority and jurisdiction to award prejudgment interest pursuant to I.C. §§ 7–910 and 28–22–104(1). Furthermore, the interest should be calculated using the entire award under the uninsured motorist clause from the date of the accident. More importantly, the arbitrator recognized American's argument that the compensatory damages award may be subject to subrogation for worker's compensation benefits. In recognizing this, the arbitrator stated, "I cannot consider the effect of subrogation in my decision and do not do so, even with respect to pre-award interest." Without con-

sidering subrogation issues, the arbitrator awarded $336,023.94 in prejudgment interest. This calculation is not in error. The arbitrator calculated the maximum allowed by the contract without taking into consideration the worker's compensation claim or rights to subrogation.

The February 16, 2001 award contained no evident miscalculation or misdescription pursuant to I.C. § 7–913(a)(1). *Landmark v. Mader Agency, Inc.*, 126 Idaho 74, 76, 878 P.2d 773, 775 (1994). There was no mathematical error. The arbitrator determined the maximum compensatory damages and prejudgment interest allowed without taking into consideration subrogation issues. This is exactly what he was required to do pursuant to the amended pre-hearing scheduling order. The arbitrator was not to concern himself with the potential worker's compensation claim and/or the subrogation issues. The parties agreed to allow the arbitrator to calculate this type of award. It was error for the arbitrator to modify the award pursuant to I.C. § 7–913(a)(1) because there were no evident miscalculations.

## IV. DID THE DISTRICT COURT ERR IN STAYING THE CONFIRMATION OF THE ARBITRATION AWARD PENDING DETERMINATION OF THE OFFSET AMOUNT?

■ Upon application of a party, the court shall confirm an arbitrator's award, unless within the time limits grounds are urged for vacating, modifying, or correcting the award pursuant to I.C. §§ 7–912 and 7–913. I.C. § 7–911. The district court's review of an arbitrator's award is strictly limited to determine if any of the factors outlined in the Uniform Arbitration Act are present. *Landmark*, 126 Idaho at 76, 878 P.2d at 775. Pursuant to I.C. § 7–912 an arbitrator's award may be vacated for the following reasons:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7–905, Idaho Code, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 7–902, Idaho Code, and the party did not participate in the arbitration hearing without raising the objection.

■ Reichert argues the arbitrator exceeded his powers by considering the worker's compensation claim when he issued the modified award. This Court has "construed the phrase of 'exceeded his powers' in § 7–912(a)(3) 'to mean that the arbitrator considered an issue not submitted to him by the parties, or exceeded the bounds of the contract between the parties.' " *Chicoine*, 127 Idaho at 227, 899 P.2d at 440 (citation omitted).

In this case, the parties stipulated that the arbitrator would not consider any potential worker's compensation claims or issues of subrogation. In the February 16, 2001 award the arbitrator did not take into consideration either the worker's compensation claims or issues of subrogation. The arbitrator simply awarded the maximum prejudgment interest amount. When the arbitrator modified the award, he did take into consideration subrogation rights. He stated, "[T]he award of prejudgment interest should be limited to the interest calculated on the balance owed by [American] to [Reichert] after any offsets which [American] may be entitled to deduct from the award." By modifying his award the arbitrator took into consideration that American may be entitled to subrogation rights from the worker's compensation claim and therefore exceeded the bounds of the contract between the parties.

We vacate the June 20, 2001 award and order the February 16, 2001 award reinstated. This matter is remanded for the district court to confirm the February 16, 2001 arbi-

trator's award. The confirmed award will not become a final judgment until the remaining claims are resolved.

## V. SHOULD THE ARBITRATION AWARD BE REDUCED BY ONLY THOSE WORKER'S COMPENSATION BENEFITS THAT EITHER HAVE BEEN PAID OR DUE AT THE DATE OF THE ENTRY OF THE FINAL ARBITRATION AWARD?

Reichert argues that if the arbitration award should be reduced, it should be reduced only by the worker's compensation benefits already paid. He asserts that the term "payable" in the insurance policy limits the offset to worker's compensation benefits already paid or justly due as of the date of the final arbitration award. The district court denied Reichert's summary judgment motion on this issue holding that the policy language was clear and unambiguous and that the Industrial Commission should determine the amount payable.

■ As indicated above the offset provision is unambiguous. When there is no ambiguity, there is no occasion for construction and coverage must be determined using the plain meaning of the words employed. *Mutual of Enumclaw v. Harvey*, 115 Idaho 1009, 1013, 772 P.2d 216, 220 (1989) (citing *Kromrei v. AID Ins. Co. (Mut.)*, 110 Idaho 549, 716 P.2d 1321 (1986)). Payable means that which is to be paid. BLACK'S LAW DICTIONARY (7th ed.1999). In further explanation, Black's Law Dictionary provides that an amount may be payable without being due. The term has also been defined as that requiring to be paid, capable of being paid, or due. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1969).

■ These definitions represent the common understanding of the term payable. In application to this case, applying the common understanding of the term payable, not only should the benefits that have already been paid to Reichert be deducted from the compensatory damages amount, but also any future benefits which the Industrial Commission awards. Obviously the exact benefits that may be paid in the future are unknown. This Court addressed a similar situation in *Barnett v. Eagle Helicopters, Inc.*, 123 Idaho 361, 848 P.2d 419 (1993). In that case, the injured victim received both worker's compensation and a jury verdict against a third party. *Id.* at 362, 848 P.2d at 420. This Court affirmed the district court decision to allow the jury verdict to be reduced by the worker's compensation benefits already paid and to enter a payover order requiring the victim to repay the third party as future benefits were received to the maximum of the jury verdict award. *Id.* at 364, 848 P.2d at 422. This prohibited the victim from being over compensated or receiving a double recovery. *Id.* This Court also noted that the payover order was not in violation of I.C. § 72–802, which prohibits worker's compensation benefits from being assigned to another. *Id.* However, the decision to proceed with the worker's compensation proceeding is only a decision of the worker.

■ The worker's compensation benefits already received by Reichert shall be deducted from the arbitration award and the prejudgment interest recalculated.

American has filed this action for damages incurred as a result of Reichert's refusal to pursue worker's compensation benefits. We express no opinion as to any other issues remaining before the trial court. On remand the district court can decide the issue of breach of contract, if any, and subsequent damages, if any.

## VI. SHOULD THE ARBITRATION AWARD BE REDUCED BY THE WORKER'S COMPENSATION BENEFITS ONLY TO THE EXTENT TO PROHIBIT DOUBLE RECOVERY?

■ Reichert argues that the arbitration award should only be reduced by the worker's compensation benefits that would avoid double recovery. The district court concluded that the policy language required that the amount be reduced by the total benefits received.

"It is the function of the Court to construe a contract of insurance as it is written, and the Court by construction cannot create a liability not assumed by the insurer, nor make a new contract for the parties, or one

different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Kromrei v. AID Ins. Co.,* 110 Idaho 549, 551–52, 716 P.2d 1321, 1323–24 (1986) (quoting *Unigard Ins. Group v. Royal Globe, Etc.,* 100 Idaho 123, 128, 594 P.2d 633 (1979); *Miller v. World Ins. Co.,* 76 Idaho 355, 357, 283 P.2d 581, 582 (1955)). Worker's compensation benefits are not all inclusive of potential losses employees may suffer. Worker's compensation benefits include lost wages, medical costs, and other expenses, but exclude pain, suffering, and property damage, which are recoverable in tort. I.C. § 72–1019. The uninsured motorist coverage Reichert's employer chose to purchase provides additional coverage for losses not covered by worker's compensation.

Given its plain and ordinary meaning the policy requires that all sums paid by worker's compensation, regardless if it prevents double recovery, must be deducted from the coverage provided for under the policy. The district court's decision is affirmed.

## VII. SHOULD THE ARBITRATION AWARD BE REDUCED BY THE NET RECEIPT OF WORKER'S COMPENSATION BENEFITS AFTER REDUCTION FOR REICHERT'S ATTORNEY'S FEES AND COSTS INCURRED IN OBTAINING THOSE BENEFITS?

Reichert argues that attorney fees and costs for obtaining the worker's compensation benefits should not be included in the offset amount. The district court did not rule on this issue holding that "The Court defers judgment regarding Reichert's costs and fees before the Industrial Commission until more facts are before the Court[.]" This Court declines to rule on this issue because there has been no adverse ruling. *McPheters v. Maile,* 138 Idaho 391, 397, 64 P.3d 317, 323 (2003).

## VIII. DID THE DISTRICT COURT PROPERLY GRANT SUMMARY JUDGMENT BECAUSE AMERICAN DID NOT ACT IN BAD FAITH?

Reichert argues that American acted in bad faith by filing a complaint with the dis-

trict court prior to the completion of the arbitration. The district court granted summary judgment finding that American did not act in bad faith because the offset issue is debatable.

 In order to recover on a claim of bad faith, Reichert must show (1) American intentionally and unreasonably denied payment of the claim; (2) the claim was not fairly debatable; (3) American's denial was not the result of a good faith mistake; and (4) the resulting harm was not fully compensable by contract damages. *Lovey v. Regence BlueShield of Idaho,* 139 Idaho 37, 48, 72 P.3d 877, 888 (2003).

 Arbitrating this case prior to the worker's compensation hearing has created a unique situation with now obvious complications surrounding the offset provision. American has not acted in bad faith in attempting to resolve the complications via a declaratory action. We agree with the district court that summary judgment should be granted on the bad faith claim.

## IX. SHOULD REICHERT RECEIVE ATTORNEY FEES ON APPEAL AND IN THE UNDERLYING PROCEEDINGS?

American asserts that Reichert's argument for attorney fees pursuant to I.C. § 41–1839 should be denied because there is no amount justly due under the terms of the contract. The district court stayed the award of attorney fees until more information was known.

 An insurer has thirty (30) days after proof of loss has been submitted to pay an amount justly due under the terms of the contract, otherwise the insured is entitled to an award of attorney fees. I.C. § 41–1839(1). The amount justly due under the contract can only be determined in retrospect. *Brinkman v. Aid Ins. Co.,* 115 Idaho 346, 350, 766 P.2d 1227, 1232 (1988). Amount justly due means either an amount determined by an arbitrator or after trial. *Martin v. State Farm Mut. Auto. Ins. Co.,* 138 Idaho 244, 248, 61 P.3d 601, 605 (2002).

American did not tender an amount justly due under the policy within thirty days of the proof of loss therefore reasonable attorney fees should be awarded to Reichert pursuant to I.C. § 41–1839. On remand the district court should determine a reasonable amount of attorney fees after the case is fully resolved.

## CONCLUSION

The arbitrator exceeded his authority when he modified the interim award. The district court erred in not vacating the June 20, 2001 award and reinstating the February 16, 2001 award.

On remand the district court should confirm the arbitrator's February 16, 2001 award; calculate the offset consistent with this opinion; recalculate prejudgment interest; determine reasonable attorney fees pursuant to I.C. § 41–1839(1); and continue the proceedings on the claims for breach of contract and the arbitration agreement.

We affirm in part and vacate and remand in part for further proceedings consistent with this opinion. Given the mixed result, we do not award costs to either party.

Chief Justice TROUT and Justices SCHROEDER, EISMANN and Senior Judge WALTERS concur.