175 P.3d 168

**Arden CRANNEY and Heidi Cranney, husband and wife, Plaintiffs–Respondents,**

v.

**MUTUAL OF ENUMCLAW INSURANCE COMPANY, a foreign corporation, Defendant–Appellant,**

and

**Farm Bureau Mutual Insurance Company of Idaho, an Idaho corporation, Defendant.**

**No. 33501.**

Supreme Court of Idaho, Twin Falls, November 2007 Term.

Dec. 24, 2007.

Cantrill, Skinner, Sullivan & King, LLP, Boise, for appellant. Robert D. Lewis argued.

Hepworth, Lezamiz & Janis Chtd, Twin Falls, for respondent. Robyn Brody argued.

EISMANN, Chief Justice.

This is an appeal from the district court's refusal to modify an arbitration award by deleting the prejudgment interest awarded by the arbitrator. Because Idaho Code § 7–913(a)(1) does not permit an arbitration award to be modified for a nonmathematical error in awarding prejudgment interest, we affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On January 29, 2003, Arden Cranney was involved in a motor vehicle accident. He and his wife filed suit against the other driver and ultimately settled that case for an amount exceeding the limits of the other driver's liability insurance coverage.

At the time of the accident, the Cranneys were insured by Mutual of Enumclaw Insurance Company under a policy that provided underinsured motorist coverage. They were unable to reach agreement regarding the

amount due under that coverage, and on February 17, 2004, the Cranneys filed this lawsuit. The Cranneys insurance policy provided for arbitration of the amount due under the underinsured motorist coverage, and Mutual of Enumclaw demanded that the matter be arbitrated. The district court stayed the proceedings until it was.

The arbitrator issued his award on May 26, 2006, which included a sum of $61,262 for prejudgment interest. On May 31, 2006, the Cranneys filed a motion to confirm the arbitration award. On June 5, 2006, Mutual of Enumclaw filed an objection to the award, stating that the arbitrator had incorrectly calculated the interest based upon this Court's opinion in *Greenough v. Farm Bureau Ins. Co. of Idaho*, 142 Idaho 589, 130 P.3d 1127 (2006). The district court confirmed the arbitration award and awarded the Cranneys court costs, including a reasonable attorney fee pursuant to Idaho Code § 41–1839. Mutual of Enumclaw then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in failing to modify the arbitration award?
2. Are the Cranneys entitled to an award of attorney fees on appeal pursuant to Idaho Code § 41–1839.

## III. ANALYSIS

### A. Did the District Court Err in Failing to Modify the Arbitration Award?

Idaho Code § 28–22–104(1) provides for interest at the rate of 12% per annum on "[m]oney due by express contract." In *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), the Court held that money was "due" pursuant to underinsured motorist coverage at the time of the accident "because that is the date [the insurer's] contractual duties accrued." *Id.* at 354, 766 P.2d at 1235. That construction of the word "due" was manifestly wrong, and in order to remedy the continued injustice of utilizing it we overruled that portion of the *Brinkman* opinion in *Greenough v. Farm Bureau Ins. Co. of Idaho*, 142 Idaho 589, 130 P.3d 1127 (2006).

In applying Idaho Code § 28–22–104, this Court has also held that "damages must be liquidated or capable of mathematical computation for prejudgment interest to be awarded." *Dillon v. Montgomery*, 138 Idaho 614, 618, 67 P.3d 93, 97 (2003). Mutual of Enumclaw asks us to hold that prejudgment interest is not recoverable on an award of benefits under an underinsured motorist policy until the amount due under that coverage is liquidated. We have already so held. In *American Foreign Ins. Co. v. Reichert*, 140 Idaho 394, 400, 94 P.3d 699, 705 (2004), a case that involved the arbitration of the amount due under an underinsured motorist coverage, we stated the law regarding the awarding of prejudgment interest in such cases as follows, "Absent an agreement to the contrary, an arbitrator has authority under I.C. § 7–910 to award prejudgment interest. Prejudgment interest is allowed on money due by an express contract, I.C. § 28–22–104, and should be awarded when it is capable of mathematical computation." In support of that statement, we cited *Dillon v. Montgomery*, quoted above.

The issue presented by this appeal is whether the district court had authority to modify the arbitrator's award of prejudgment interest. "Judicial review of an arbitrator's decisions is limited to an examination of the award to determine whether any of the grounds for relief stated in Idaho Code §§ 7–912 and 7–913 exists." *American Foreign Ins. Co. v. Reichert*, 140 Idaho 394, 398, 94 P.3d 699, 703 (2004). "Although a reviewing court might believe that some of the arbitrator's rulings are erroneous, the decision is nevertheless binding unless one of the grounds for relief set forth in I.C. §§ 7–912 or 7–913 are present." *Pacific Alaska Seafoods, Inc. v. Vic Hoskins Trucking, Inc.*, 139 Idaho 472, 474, 80 P.3d 1073, 1075 (2003).

Mutual of Enumclaw argues that the arbitrator's award can be modified because the arbitrator's award of prejudgment interest constitutes "an evident miscalculation of figures" under Idaho Code § 7–913(a)(1). It relies upon our opinion in *Schilling v. Allstate Ins. Co.*, 132 Idaho 927, 930, 980 P.2d 1014, 1017 (1999), wherein we held that an arbitrator's award under an underinsured

motorist policy could be modified to include prejudgment interest because the failure to award prejudgment interest constituted an evident miscalculation of figures under Section 7–913(a)(1). The Court in *Schilling* reasoned:

> There is no question that the arbitration panel did not correctly calculate the correct amount of the total award, for it failed to include prejudgment interest in the award. Therefore, we conclude that the district court correctly modified the arbitration award due to the arbitration panel's miscalculation of the award amount. *See* I.C. § 7–913(a)(1). The amount of prejudgment interest on the award from the date of the injury was readily calculable by the arbitrators.

The evident miscalculation of figures under Idaho Code § 7–913(a)(1) must be a mathematical error in calculating the amount of an award, not a legal error in the elements or measure of damages when making the award. We recently recognized that in *American Foreign Ins. Co. v. Reichert*, 140 Idaho 394, 398, 94 P.3d 699, 703 (2004).

In *Reichert*, the insured was entitled to benefits under an uninsured motorist policy, but the policy also provided that worker's compensation benefits payable to the insured must be deducted from the award. The amount of benefits under the uninsured motorist policy was determined by arbitration. The arbitrator also awarded prejudgment interest on the entire amount of the award. The insurance company then moved to modify the award under Idaho Code § 7–913(a)(1) on the ground that the interest should be based upon the net award (the uninsured motorist award minus the worker's compensation benefits). The arbitrator agreed, and modified the award. On appeal, we held that the arbitrator had no authority to modify the award under that statute because there was no evident miscalculation of figures. We stated, "There was no mathematical error." 140 Idaho at 401, 94 P.3d at 706.

Our opinion in *Reichert* impliedly overruled *Schilling v. Allstate Ins. Co.* If awarding prejudgment interest is not an "evident miscalculation of figures," the failure to award prejudgment interest likewise cannot be an "evident miscalculation of figures." The ruling in *Schilling v. Allstate Ins. Co.*, 132 Idaho 927, 930, 980 P.2d 1014, 1017 (1999), that the failure to award prejudgment interest was an evident miscalculation of figures under Idaho Code § 7–913(a)(1) was manifestly wrong. We therefore overrule that portion of the opinion.

Idaho Code § 7–913(a)(1) did not grant the district court authority to modify the arbitrator's award for the reason alleged by Mutual of Enumclaw. Therefore, the district court did not err in failing to do so.

### B. Are the Cranneys Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code § 41–1839?

The district court awarded the Cranneys attorney fees pursuant to Idaho Code § 41–1839. Mutual of Enumclaw does not challenge that award on appeal, nor does it challenge the Cranneys' right to recover attorney fees on appeal under that statute if they are the prevailing parties. Mutual of Enumclaw has not yet paid the full amount of the arbitrator's award. Since the Cranneys are the prevailing parties on this appeal, we also award them attorney fees on appeal pursuant to Idaho Code § 41–1839.

### IV. CONCLUSION

We affirm the judgment of the district court and award the respondents costs on appeal, including a reasonable attorney fee.

Justices J. JONES, HORTON and Justice Pro Tem WOOD concur.

I, W. JONES, Justice, specially concurring as follows.

I concur in the result of the majority Opinion because I agree I.C. § 7–913(a)(1) gives only limited authority to review or modify an arbitrator's award for, among other things not pertinent here, an evident miscalculation of figures. I agree with the majority that the arbitrator's award of prejudgment interest in this case was not a "miscalculation of figures," even if arguably it was a mistake of law. It is clear that courts do not have the

authority to modify an arbitrator's award for an error of fact or law.

I concur with the Court's Opinion, rather than joining in it to make clear that it, is my opinion that although an arbitrator has authority, unless otherwise agreed by the parties submitting the matter to arbitration, to award prejudgment interest under I.C. § 7–910 and *American Foreign Insurance Company v. Reichert*, 140 Idaho 394, 94 P.3d 699 (2004) and *Dillon v. Montgomery*, 138 Idaho 614, 67 P.3d 93 (2003),[1] that authority only extends to interest on the amount "due" by express contract as provided in I.C. § 28–22–104. In uninsured or underinsured motorist cases such as the present one, the amount of prejudgment interest is not "capable of mathematical computation" from the date of the accident or even from the date of the proof of loss because it is unknown what the amount "due" is until it is determined by the arbitrator. The arbitrator's award can include past medical expenses and lost wages, but also can include damages for pain and suffering, future lost wages and future medical expenses, all of which are unknown until the arbitrator renders his decision. Moreover, in awarding future damages, the arbitrator will presumably discount the amount awarded for such future losses to present value. I agree with the dissent of Justice Walters in *Schilling v. Allstate Insurance Company*, 132 Idaho 927, 980 P.2d 1014 (1999) that "It is basically illogical, unjust and unconscionable to award prejudgment interest on sums of money representing damages which have not yet occurred, but which will only occur sometime in the future. To require Allstate [insurer] to pay interest in addition to the amount of the loss determined by the arbitrator clearly constitutes a double recovery by Schilling [plaintiff] for a portion of his loss." In such cases, the arbitrator's award gives the plaintiff the amount that will be sufficient to pay the future losses as they occur in the future. There is no justifiable reason for adding interest to that amount.

In summary, it is my opinion that Idaho law allows an arbitrator to grant prejudgment interest in uninsured and underinsured arbitration cases, but the prejudgment interest should apply only to liquidated amounts from the date the expenses are incurred and should not include prejudgment interest on unliquidated claims or future losses.

Chief Justice EISMANN concurs in Justice W. JONES' special concurrence.

---

1. It is clear this Court has held in these cases that I.C. § 7–910 grants an arbitrator the authority to award prejudgment interest. I was not a member of this Court at the time of those decisions, but feel bound to honor them, even though had I been a member of the Court at that time, I would have disagreed with the Court's conclusion on the grounds that I do not believe that prejudgment interest is an "other expense" of arbitration, which is the provision under which this Court determined the arbitrator had authority to award prejudgment interest.