878 P.2d 773

**Alan LANDMARK, Plaintiff–
Counterdefendant–
Respondent,**

v.

**MADER AGENCY, INC., Defendant–
Counterclaimant–Appellant.**

No. 20403.

Supreme Court of Idaho,
Moscow, April 1994 Term.

June 29, 1994.

Rehearing Denied Aug. 24, 1994.

Brown & Litteneker, Edwin L. Litteneker, Lewiston, and Clements, Brown & McNichols, Lewiston, for appellant.

Dennis L. Albers, Grangeville, for respondent.

McDEVITT, Chief Justice.

## I

### FACTS AND PROCEDURE

Alan Landmark (Landmark) was an insurance salesman employed by Mader Agency,

Inc. (Mader). Landmark ended his employment with Mader on August 1, 1988. Under the terms of the employment agreement between Landmark and Mader, Landmark would receive renewal commissions on policies he had issued for one year after leaving Mader's employment. Landmark and Mader also orally agreed that Landmark would pay Mader ten percent of the commissions Landmark received on policies issued through Kentucky Life Insurance Company (Kentucky Life) in payment for office expenses.

After the employment relationship terminated, Landmark filed a complaint in district court alleging that Mader owed him payment for renewal commissions, reimbursement for medical insurance paid for Mader's secretary and office expenses paid through the oral agreement, and contingency commissions paid by the insurance companies as a result of "good loss experience." Mader asserted, as both a defense and counterclaim, that Landmark had not paid the entire amount due under the oral agreement. Landmark and Mader then agreed to submit the matter to binding arbitration, and the district court dismissed the case.

Following a hearing, the arbitrator issued an award granting Landmark's claim for renewal commissions and denying all other claims and defenses asserted by Landmark and Mader. Discussing Landmark's claim for renewal commissions, the arbitrator noted in his written award:

In Count 1 the evidence is clear that plaintiff was entitled to receive renewal commissions for one year following the termination of their business relationship. The evidence shows that renewal payment [sic] were paid until March 1989. Plaintiff gave notice of his intention to terminate the relationship in May 1988 "as soon as possible". The parties continued their business relationship through July 1988 and the termination was completed on July 31. Plaintiff is entitled to receive renewal commissions until August 1, 1989 but received them only through March 31, 1989, a period of 4 months.

Plaintiff shall receive the sum of $1,760.30 for April, 1989 renewals; the sum of $1,420.64 for May; the sum of $1358.94 for June and the sum of $1,465.00 for July.

Stating that "[b]oth parties seek pre-judgment interest at the rate of 10 percent on all sums found due and owing[,]" the arbitrator also ordered interest on the above sums commencing thirty days after the amounts became payable.

Mader filed a motion in district court to confirm the arbitrator's award and offer of judgment on August 7, 1992. On August 9, 1992, Landmark filed a motion to reopen the case for purposes of modifying and correcting the award and for purposes of confirming the award after correction. Landmark argued that the arbitrator incorrectly concluded that Landmark received payments until March 1989 and that the interest rate agreed to by the parties was twelve, rather than ten, percent. The district court concluded that it was unsure whether the award contained a miscalculation of figures or an evident mistake, and remanded the award to the arbitrator to clarify or modify the award. Mader objected, stating that the court lacked jurisdiction to issue such an order under I.C. § 7–909.

Following remand, the arbitrator issued a substituted decision dated October 1, 1992. The substituted award was essentially unchanged as to counts two and three. Count one was modified to include renewal commissions and interest for the entire period from August 1988 through July 1989. The total amount due to Landmark increased from $6,004.96 awarded under the original decision to an award of $23,066.11 under the substituted decision. Part of the substituted award was based on an increase in the interest rate from ten to twelve percent.

Landmark filed a motion to confirm the award based on the substituted decision, and Mader filed a motion to vacate the substituted decision and confirm the original award. The court determined that "there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; and that the award was imperfect in a matter of form." The court then issued an order confirming the substituted decision and judgment. Mader contends on appeal that

the trial court exceeded its authority under the Uniform Arbitration Act when it remanded the award to the arbitrator to determine whether the award should be vacated or modified.

## II

## ANALYSIS

■ A district court's review of an arbitrator's award is limited to an examination of the award to determine whether any of the grounds for relief provided by the UAA are present. *Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983). When a party applies for confirmation of an arbitration award, the UAA directs that the district court shall confirm the award "unless ... grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7–912 and 7–913, Idaho Code." I.C. § 7–911. Landmark did not apply for vacation of the award under I.C. § 7–912, nor does the record disclose any basis for relief under that section.[1] Rather, the district court remanded the award to the arbitrator for modification or correction under I.C. § 7–913. Although I.C. § 7–909 empowers the court to remand an award, that section only allows for modification or correction "upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of section 7–913, Idaho Code." The issue presented by this appeal is therefore limited to determining whether the original award contained grounds for modification or correction provided by I.C. §§ 7–913(a)(1) or (3).

I.C. § 7–913(a) provides for modification or correction of an award where:

(1) There was an evident miscalculation of figures or an evident mistake in the de-

scription of any person, thing or property referred to in the award;

. . . .

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

When electing to remand the award for clarification, the district court stated that it was unable to determine whether there was an evident miscalculation of figures or if the award was imperfect as a matter of form. However, the record discloses nothing in the original award that indicated either an evident miscalculation or misdescription, nor was the award imperfect as to form.

The original award contained no evident miscalculation or misdescription as required by I.C. § 7–913(a)(1). In the original award, the arbitrator found that Landmark was to be paid renewal commissions for one year following termination of the employment agreement and renewal payments for the period from April 1, 1989 to August 1, 1989. The amounts awarded corresponded with the findings, and no numerical miscalculation was present. Nothing in the original award was in any way inconsistent with any other aspect of that award.

■ The district court was unaware of any potential inaccuracy in the award until after it considered affidavits disputing the arbitrator's factual findings. The UAA does not provide for such review, and this Court has essentially foreclosed judicial review of the merits of an arbitrator's award. In *Hecla Mining Co. v. Bunker Hill Co.*, 101 Idaho 557, 617 P.2d 861, (1980), this Court adopted the holding of the First Circuit Court of Appeals that:

The courts are precluded from considering factual or legal issues which are by voluntary agreement made the subject of arbi-

1. I.C. § 7–912 requires the court, upon application of a party, to vacate an award where:
 (1) The award was procured by corruption, fraud or other undue means;
 (2) There was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;
 (3) The arbitrators exceeded their powers;
 (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown

therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7–905, Idaho Code, as to prejudice substantially the rights of a party; or
 (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 7–902, Idaho Code, and the party did not participate in the arbitration hearing without raising the objection.

tration. Judicial intrusion is restricted to the extraordinary situations indicating abuse of arbitral power or exercise of power beyond the jurisdiction of the arbitrator. 101 Idaho at 562, 617 P.2d at 866 (quoting *Mobil Oil Corp. v. Local 8–766, Oil, Chemical and Atomic Workers Int'l,* 600 F.2d 322, 326 (1st Cir.1979)). The factual errors underlying the district court's order remanding the award do not constitute a basis for modification of an award under I.C. § 7–913(a)(1).

The provision for modification of a procedurally imperfect award contained in I.C. § 7–913(a)(3) also fails to provide an appropriate basis for remanding the award to the arbitrator for reconsideration. In addition to the fact that the record discloses no claim that the award is imperfect as to form, the award itself provides no basis for such a conclusion. Moreover the relief claimed by Landmark was reconsideration of the factual conclusions of the arbitrator as to the extent of Mader's liability. This cannot be considered a correction of the form of the award "not affecting the merits of the controversy[ ]" as required by I.C. § 7–913(a)(3).

### III

### CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion. Costs to appellant, no attorney fees are awarded on appeal.

JOHNSON and TROUT, JJ., concur.

BISTLINE, Justice, with whom SILAK, Justice, joins, dissenting.

The Court's opinion states that "[a]lthough I.C. § 7–909 empowers the court to remand an award, that section only allows for modification or correction 'upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of section 7–913, Idaho Code.' " That quotation by the majority omits the additional language of I.C. § 7–909 which provides that the court may also remand "for the purpose of clarifying the award."

If that additional language is not read to provide a basis apart from the modification or correction of I.C. § 913(a)(1) and (3), then it is rendered entirely superfluous. I see no reason to adopt such a disfavored construction and would affirm the district court's order remanding the matter to the arbitrator for, what turned out to be, a much-needed seventeen-thousand-dollar clarification. *See University of Alaska v. Modern Constr., Inc.,* 522 P.2d 1132, 1136 (Alaska 1974) (identical provision adopted from Uniform Arbitration Act "was intended to empower the court to order clarification").