980 P.2d 1014

Anthony SCHILLING and Kay Schilling,
husband and wife, Petitioners–
Respondents,

v.

ALLSTATE INSURANCE COMPANY,
an Illinois Company, Respondent–
Appellant.

No. 24398.

Supreme Court of Idaho,
Boise, January 1999 Term.

May 19, 1999.

Marcus, Merrick & Montgomery, LLP, Meridian; Wilbur T. Nelson, Boise, for appellant. Wilbur T. Nelson argued.

Johnson & Lundgreen, Boise, for respondents. Russell L. Johnson argued.

SILAK, Justice.

This is an appeal from a district court order adding prejudgment interest to an arbitration award rendered pursuant to a claim under an underinsured motorist provision of an insurance policy.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On July 11, 1996, Anthony Schilling (Schilling) was seriously injured in a motorcycle accident when the driver of another car turned left in front of him. Schilling received $25,000 from the other driver which was the limit of her insurance policy coverage. He then filed a claim with his insurance company, Allstate Insurance Company (Allstate), under an underinsured/uninsured motorist provision of his policy. On May 8, 1997, following arbitration pursuant to the terms of the insurance policy, the arbitration panel awarded Schilling $98,000. The amount received from the other driver was subtracted for a total award of $73,000. The Arbitration Award expressly stated that the panel declined to award prejudgment interest or attorney fees because of their belief that they did not have jurisdiction to do so.

On May 14, 1997, the Schillings filed a petition for confirmation of the Arbitration Award and for prejudgment interest and attorney fees. Subsequently, the Schillings withdrew their claim for attorney fees. On October 29, 1997, following cross-motions for summary judgment, the district court modified the award to include prejudgment interest on the award from the date of the accident. On February 27, 1998, the district court denied Allstate's petition for reconsideration, rejecting Allstate's argument that the policy itself precluded the award of prejudgment interest. Allstate appealed, asserting that the district court erred by modifying the Arbitration Award to include prejudgment interest.

## II.

## ISSUES ON APPEAL

Appellant presents the following issue on appeal:

1. Whether the district court erred in modifying the arbitration award to include an award of pre-award interest.

Respondents present the following additional issue on appeal:

2. Whether respondents are entitled to attorney fees and costs on appeal.

## III.

## ANALYSIS

The standard by which we review an order granting summary judgment is the same standard used by the lower court in ruling on a motion for summary judgment. *See State v. Rubbermaid, Inc.*, 129 Idaho 353, 355–56, 924 P.2d 615, 617–18 (1996). On review, all disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *See id.* at 356, 924 P.2d at 618. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

### A. The District Court Did Not Err In Modifying The Arbitration Award To Include Pre-award Interest.

■ Appellant first argues that the district court misconceived the scope of the

arbitration panel's authority to award prejudgment (pre-award) interest as an "other expense" pursuant to section 7–910 of the Idaho Code. This Court recently made clear that I.C. § 7–910 grants authority to the arbitrators to award the arbitrators' "expenses and fees, together with other expenses," incurred during arbitration, absent a contrary agreement between the parties. *See Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996). We also made clear that " 'other expenses' include both prejudgment interest and costs of arbitration." *Id.* Therefore, it is settled that, absent agreement to the contrary, an arbitrator has authority and jurisdiction to award prejudgment interest. Therefore, the arbitration panel in this case erroneously declined to address the respondent's request for prejudgment interest by stating that it did not possess jurisdiction to award prejudgment interest.

■ Prior cases have addressed the subject of prejudgment interest in the context of underinsured/uninsured insurance policy provisions. In *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), the insured under an underinsured motorist policy provision appealed the district court's failure to award prejudgment interest on the entire amount of the jury award. The Court stated that based upon I.C. § 28–22–104(1), which provides that interest accrues on "[m]oney due by express contract," prejudgment interest "accrues on the general damages from the date of the accident, because that is the date [the insurer's] contractual duties accrued." *Brinkman*, 115 Idaho at 353–54, 766 P.2d at 1234–35. The Court in *Brinkman* did not view the application of prejudgment interest as a matter of discretion, but reversed the district court's failure to award prejudgment interest based upon the requirement of I.C. § 28–22–104(1) and the contractual obligation of the insurance company under the underinsured motorist policy provision.

Appellant argues that prejudgment interest is inappropriate in an arbitration award because the amount of the award is unliquidated and not reasonably ascertainable until the arbitration award is issued. This argu-

ment was rejected in *Emery v. United Pac. Ins. Co.*, where the Court upheld an award of prejudgment interest on the entire award under an uninsured motorist clause. 120 Idaho 244, 247, 815 P.2d 442, 445 (1991). While recognizing that *Brinkman* is not applicable to all tort and contract actions, we held in *Emery* that an insured, pursuant to an underinsured motorist clause, is entitled to prejudgment interest on the entire damage award from the date of the accident. *See id.* at 248, 815 P.2d at 446.

Shortly after deciding *Emery*, we held in *Walton v. Hartford Ins. Co.* that an insurer is liable to an insured pursuant to an underinsured motorist provision for "prejudgment (pre-award) interest on the entire amount awarded by the arbitrators. Prejudgment (pre-award) interest accrues on the general damages from the date of the accident, because that is the date [the insurer's] contractual duties accrued." 120 Idaho 616, 622, 818 P.2d 320, 326 (1991). In holding that the district court erred by not awarding prejudgment interest on the entire amount awarded, the Court in *Walton* concluded that "in underinsured motorist coverage the interest begins to accrue on the date of the accident." *Id.*

■ Appellant next argues that the terms of the insurance policy itself preclude the award of prejudgment interest. The relevant portion of the insurance policy provides:

> The insured person will pay the arbitrator that person selects. We will pay the one we select. The expense of the third arbitrator and all other expenses of arbitration will be shared equally. However, attorney fees and fees paid to other medical and other expert witnesses are not arbitration expenses. These costs will be paid by the party incurring them.

The appellant argues that "all other expenses of arbitration" includes prejudgment (pre-award) interest.

■ It is well established that insurance policies are contracts of adhesion which are interpreted according to the plain meaning of the words employed where the policy language is clear and unambiguous. *See Bonner County v. Panhandle Rodeo Ass'n, Inc.*,

101 Idaho 772, 776, 620 P.2d 1102, 1106 (1980). However, it is also fundamental that insurance contracts are to be construed against the drafter and resolved against the insurer where there is ambiguity in interpreting insurance exclusions. *See id.* (citing *Farmers Ins. Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980)). This Court has further stated:

> It is a long established precedent of this Court to view insurance contracts in favor of their general objectives rather than on a basis of strict technical interpretation of the language found therein. Where language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured. Stated somewhat differently, an insurance contract is to be construed most favorably to the insured and in such a manner as to provide full coverage for the indicated risks rather than to narrow protection. This Court will not sanction a construction of the insurer's language that will defeat the very purpose or object of the insurance.

*Id.* (quoting *Erikson v. Nationwide Mutual Ins. Co.*, 97 Idaho 288, 292, 543 P.2d 841, 845 (1975)).

In applying these rules of construction to the ambiguous exclusions of arbitration expenses in the insurance policy, it is clear that prejudgment interest is not excluded by the provision cited by the appellant. The provision focuses entirely on who selects the arbitrators and who bears the costs of the arbitrators and the witnesses. In fact, the provision makes no mention of prejudgment or pre-award interest. Therefore, we reject appellant's argument that the insurance policy itself precludes prejudgment interest.

Appellant also argues that the respondents abandoned the issue of prejudgment interest during the arbitration proceeding. This assertion is supported by an affidavit of counsel for appellant. However, communications between the parties contained in the record demonstrate respondents' belief that they were entitled to pre-award interest and intended to seek pre-award interest in arbitration. In addition, the fact that respondent reserved the issue of pre-award interest in the Satisfaction of Arbitration Award contradicts appellant's assertion that the issue was waived. Most importantly, the Arbitration Award itself states that the arbitration panel declined to address respondents' claim for pre-award interest based on the panel's belief that they had no jurisdiction over the matter. Even construing disputed facts liberally in favor of appellant, it is not reasonable to infer from the record that respondents waived the issue of pre-award interest.

In this case, the arbitration panel failed to award prejudgment interest on the arbitration award. However, under I.C. §§ 7–910, 28–22–104(1), and the prior decisions of this Court, prejudgment (pre-award) interest is due on the entire arbitration award from the date of the injury. Thus, the arbitration panel erroneously failed to award prejudgment interest to respondents.

This case does not, however, require the review of the arbitration panel's failure to award prejudgment interest. The issue, rather, is whether the district court erred by modifying the arbitration award to include prejudgment interest where the arbitration panel erroneously declined to address respondent's request for prejudgment interest. A district court's review of an arbitrator's award is limited to an examination of the award to determine whether any of the grounds for relief provided by the Uniform Arbitration Act (UAA) are present. *See Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983). In this case, the district court stated that it modified the arbitration award pursuant to I.C. § 7–913. Section 7–913 of the Idaho Code provides:

> **7–913. Modification or correction of award.**—(a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
>
> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affect-

ing the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

*Id.* In modifying the arbitrators' award, the district court, in its October 29, 1997 Decision and Order Modifying Arbitration Award, concluded that "[i]n first-party insurance contract actions under an underinsured motorist clause, the insured is entitled to prejudgment interest on the entire award, whether from a jury or from arbitrators, from the time of the injury." There is no question that the arbitration panel did not correctly calculate the correct amount of the total award, for it failed to include prejudgment interest in the award. Therefore, we conclude that the district court correctly modified the arbitration award due to the arbitration panel's miscalculation of the award amount. *See* I.C. § 7–913(a)(1). The amount of prejudgment interest on the award from the date of the injury was readily calculable by the arbitrators.

Finally, appellant argues that even if the arbitration panel had jurisdiction to award prejudgment interest, the matter should be remanded for initial decision by the arbitration panel on any award of prejudgment interest. Section 7–909 of the Idaho Code provides:

On application of a party or, if an application to the court is pending under sections 7–911, 7–912 or 7–913, Idaho Code, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of section 7–913, Idaho Code, or for the purpose of clarifying the award.

*Id.* Whether the phrase "for the purpose of clarifying the award" may be read to provide a basis for remand apart from modification or correction under I.C. § 7–913(a)(1) and (3) is unnecessary to decide here based on our holding that the district court correctly modified the award pursuant to I.C. § 7–913(a)(1). *Cf. Landmark v. Mader Agency, Inc.,* 126 Idaho 74, 77, 878 P.2d 773, 776 (1994). We therefore affirm the order of the district court adding prejudgment interest to the arbitration award.

**B.  Whether Respondents Are Entitled To Attorney Fees And Costs On Appeal**

■   Respondents have requested attorney fees under I.C. § 12–121. This Court will not award attorney fees under this section "where the losing party brought the appeal in good faith and where a genuine issue of law was presented. In normal circumstances, attorney fees will only be awarded when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Applying these standards to this appeal, we decline to award attorney fees to respondent under I.C. § 12–121. However, respondent is entitled to costs on appeal as the prevailing party. *See* I.A.R. 40.

### IV.

### CONCLUSION

For the foregoing reasons, we affirm the district court's order adding prejudgment interest to the arbitration award. We award the Schillings costs, but not attorney fees, on appeal.

Justices SCHROEDER and KIDWELL, concur.

Chief Justice TROUT, dissenting.

Because I disagree with the Court's interpretation of the district court's authority under the Uniform Arbitration Act, I must respectfully dissent from the Court's opinion. The district court had no power to modify the award to include prejudgment interest because the arbitrators' error was not an "evident miscalculation of figures." The Court correctly states that "[a] district court's review of an arbitrator's award is limited to an examination of the award to determine whether any of the grounds for relief provided by the Uniform Arbitration Act (UAA) are present." Idaho code § 7–

913 lists as a ground for relief allowing a court to modify or correct the award, "an evident miscalculation of figures...." The Court reasons that by failing to include prejudgment interest in the award, the arbitration panel, without question, did not correctly calculate the correct amount of the total award. Thus, the opinion continues, the district court correctly modified the arbitration panel's award based on "an evident miscalculation of figures." It is my opinion that the arbitration panel's failure to award prejudgment is not an evident miscalculation of figures.

This Court has "essentially foreclosed judicial review of the merits of an arbitrator's award." *Landmark v. Mader Agency, Inc.,* 126 Idaho 74, 76, 878 P.2d 773, 775 (1994). In *Hecla Mining Co. v. Bunker Hill Co.,* 101 Idaho 557, 617 P.2d 861 (1980) we held that:

The courts are precluded from considering factual or legal issues which are by voluntary agreement made the subject of arbitration. Judicial intrusion is restricted to the extraordinary situations indicating abuse of arbitral power or exercise of power beyond the jurisdiction of the arbitrator.

101 Idaho at 563, 617 P.2d at 867 (quoting *Mobil Oil Corp. v. Local 8–766, Oil, Chemical & Atomic Workers Int'l Union,* 600 F.2d 322, 326 (1st. Cir.1979)). Although this Court has, up to this point, only provided an explanation of what an evident miscalculation is not as opposed to what it is, it is my opinion that I.C. § 7–913(a)(1) does not allow courts to modify an award that is incorrect due to an arbitrator's misinterpretation of law. Rather, the provision anticipates modification of mathematical error. This position is supported by a number of jurisdictions interpreting this provision or similar provisions adopted from the UAA and this Court's general statements regarding a court's ability to consider factual and legal issues made the subject of arbitration.

For example, in *Palmer v. Duke Power Co.,* 129 N.C.App. 488, 499 S.E.2d 801 (1998), the arbitrator had failed to include prejudgment interest in the award. The court stated that even if the failure was a mistake of law or fact, such a mistake could not be corrected by the trial court upon a party's motion for modification or correction because the failure to include prejudgment interest was not due to mathematical error. *Id.* at 807–08. The North Carolina courts have further explained that the type of error that occurred in this case is not the type of error contemplated by I.C. § 7–913(a)(1). In *Carolina Va. Fashion Exhibitors, Inc. v. Gunter,* 41 N.C.App. 407, 255 S.E.2d 414 (1979) the court did not allow modification where the party's argument was an attempt to show a misinterpretation of evidence rather than a miscalculation of figures. *Id.* at 419. *See also School City of East Chicago v. East Chicago Fed'n of Teachers, Local Number 511,* 622 N.E.2d 166, 168–69 (Ind.1993) (holding that alteration of an award based on an evident miscalculation must be based upon an improper application of mathematical principles rather than a challenge to the substantive merits of the matter); *St. Tammany Manor, Inc. v. Spartan Bldg. Corp.,* 509 So.2d 424, 427–28 (La.1987) (holding that "the type of 'evident material miscalculation' of figures contemplated by the statute would be one akin to an arithmetical error;" where the trial court had examined the legal dispute underlying the award, the trial court's actions were not statutorily permitted).

In this case, the mistake of the arbitrators was not in improperly calculating the figures used to determine the award or in making some other type of mathematical error. The mistake that the arbitrators made here was in determining that they did not have jurisdiction to award prejudgment interest. While I agree with the Court that the arbitrators were in error in the assessment of their jurisdiction, the error of the arbitrators was one of law and therefore, the district court was without power to either modify or correct the award. Prejudgment interest was necessarily a legal issue that was a subject of the arbitration and courts are precluded from judicial review of such issues. *Hecla Mining Co.,* 101 Idaho at 562, 617 P.2d at 866. As one court stated, "[i]f an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party...." *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.,* 312 N.C. 224, 321 S.E.2d 872, 880 (1984) (quoting *Carolina Va. Fashion Exhib-*

*itors,* 255 S.E.2d at 420) (alterations omitted).[1]

Because the district court did not have the power to modify the award, I would reverse the decision of the district court. Accordingly, the Court would not need to address whether the arbitration panel had the authority or jurisdiction to award prejudgment interest as an "other expense" pursuant to I.C. § 7–910 or whether the terms of the insurance policy itself precluded the award of prejudgment interest.

Justice WALTERS concurs.

Justice WALTERS, dissenting.

I concur with Chief Justice Trout's dissent, and also dissent separately for the following reasons.

This is not a case where an insurer has breached its contract with the insured and should be required to compensate the insured, through prejudgment interest, for the delay in paying over to the insured the sum rightfully due under the insurance contract. The insured was not required to file this action in order to achieve a recovery from the insurer. The question of the amount of the recovery was cooperatively submitted to arbitration, pursuant to the terms of the insurance contract. The insurer complied with the terms of its contract with the Schillings by submitting the question of the amount of Schilling's recovery to arbitration under the underinsured motorist provisions of the insurance contract. The arbitrators determined the amount of Schilling's recovery to be for a sum that was within the $100,000 coverage of the policy. The nominal policy limits for the underinsured motorist coverage were $100,000 for one person.

Under the terms of the insurance contract, however, those limits are reduced by amounts recovered from the liable tortfeasor. In this case, because Schilling had resolved his claim against the primary tortfeasor for $25,000, there was available to him the sum of $75,000 as the limit of underinsured motorist benefits. The arbitrators decided that Schilling was damaged in the amount of $98,000, which resulted in a net award of $73,000 after reducing the damages by the $25,000 Schilling received from the tortfeasor. The amount found due in the arbitration proceeding was immediately paid over by Allstate to the Schillings.

The amount found by the arbitrators presumptively included consideration for the loss of the use of the money from the time of the accident, and thus would not necessitate the calculation of any amount of "interest" due. Personal injury judgments routinely compensate the injured person for damages which have not yet occurred, *i.e.,* future medical expenses, future lost wages, pain, suffering, disfigurement, etc. It is basically illogical, unjust and unconscionable to award prejudgment interest on sums of money representing damages which have not yet occurred, but which will only occur sometime in the future. To require Allstate to pay interest in addition to the amount of the loss determined by the arbitrators clearly constitutes a double recovery by Schilling for a portion of his loss.

Furthermore, I concur with the dissent written by Chief Justice Trout holding that the district court lacked authority to modify the arbitrators' award by adding an amount for prejudgment interest. There was no "evident miscalculation of figures" by the arbitrators, no award by the arbitrators "upon a matter not submitted to them," nor was the

---

1. I note that neither of the two remaining provisions of I.C. § 7–913 would allow the district court to modify or correct the award. The error that occurred here was not one where the "arbitrators ... awarded upon a matter not submitted to them," nor is the award "imperfect in a matter of form, not affecting the merits of the controversy." I.C. § 7–913(2), (3). Here, the issue of prejudgment interest had been submitted to the arbitrators. Additionally, altering the award to include prejudgment interest would necessarily require the court to challenge the arbitrator's interpretation of the law and thus any subsequent alteration by the district court would necessarily affect "the merits of the controversy," a prohibition placed on courts when modifying or correcting awards under I.C. § 7–913(3). *See Creative Builders, Inc. v. Avenue Developments, Inc.,* 148 Ariz. 452, 715 P.2d 308, 313 (1986) (determining whether the trial court had erred in modifying an award to include pre-award interest and holding that the award of pre-award interest went to the merits of the claim itself and thus could not be properly modified under "matter of form.")

award "imperfect in a matter of form," the three grounds specified in Idaho Code § 7–913 that permit a court to modify an arbitration award. Indeed, the arbitrators relied upon another provision of the code, I.C. § 7–912(a)(3), as the reason for declining to award interest. That section provides for relief where it is determined that "[t]he arbitrators exceeded their powers." The arbitrators' focus on that provision of the statute as a basis for their decision indicates that the arbitrators understood that they lacked the power to award prejudgment interest in addition to the amount that they had determined would properly, and legally, compensate Schilling totally for his loss. Upholding the district court's interference with the award in this case, when the arbitrators declined to add interest to the award after a request by the Schillings to include it, appears to be an unwarranted invasion of the legislature's power to declare in the statutes the limited authority for the court's involvement in the arbitration process. The decision of the arbitrators that they were without power to award prejudgment interest, even if erroneous, was not subject to review by the district court. It is well settled that arbitrators' decisions as to both fact and law, even when erroneous, are final and binding on the parties. *Chicoine v. Bignall,* 127 Idaho 225, 227–28, 899 P.2d 438, 440–41 (1995); *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 665 P.2d 1046 (1983).

Inasmuch as the district court lacked authority to modify the arbitration award by the addition of prejudgment interest, the court's decision should be reversed.